UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Action No. 04-543 (BAH) |
| CHARLES E. HALL, | Chief Judge Beryl A. Howell |
| Defendant. | |

## MEMORANDUM AND ORDER

Upon consideration of the defendant's *pro se* Motion for Extension of Time to File a Memorandum of Law in Support of a Habeas Corpus § 2255 Motion, ECF No. 227, *pro se* Motion to Vacate, Set Aside, or Correct a Sentence, ECF No. 227-1, *pro se* Affirmation in Support of Memorandum of Law and Habeas Corpus § 2255 Motion, ECF No. 228, counseled Motion for a New Trial Pursuant to 28 U.S.C. § 2255 ("Def.'s Counseled Mot."), ECF No. 240, and, in light of the defendant's original intention, in addition to cross-examining the trial counsel James W. Beane, Jr., to call eight other witnesses over two days, *see* Joint Response to Order of Court, ECF No. 255, which suggests an inappropriate effort to retry this case on collateral review, compounded by the defendant's recent representation that, at the hearing, he "expects to address many of the issues raised in his *pro se* pleading[s]," *see* Def.'s Response to Order of Court at 1–2, ECF No. 260, this Memorandum and Order resolves certain of the defendant's claimed bases for a new trial in order to focus any evidence presented at the hearing on viable issues.[1]

---

[1] The defendant's *pro se* Motion to Amend Pleadings as a Matter of Course or in the Alternative by Leave of Court, ECF No. 229, has already been denied as moot, with the parties' agreement. *See* Minute Order (Dec. 13, 2017); Def.'s Response to Order of Court, ECF No. 243; Gov't's Response to Order of Court, ECF No. 244.

**I.     BACKGROUND**

   **A. Offense Conduct**

The defendant's offense conduct was summarized by the D.C. Circuit in an opinion affirming his convictions for bank fraud and wire fraud, in violation of 18 U.S.C. §§ 1344 and 1343, respectively. *United States v. Hall*, 613 F.3d 249, 251 (D.C. Cir. 2010). Specifically, from April 2002 until May 2003, while working as a loan officer at mortgage company, Guaranty Residential Lending ("GRL"), the defendant and six other individuals became involved in a scheme to "flip" residential properties in Washington, D.C. *See id*. In this scheme, co-conspirator Alan Davis would buy homes in disrepair and sell them to straw buyers recruited by the defendant. *See id*. Before the homes were resold to the straw buyers, co-conspirator Robbie Colwell (a sham appraiser) would appraise the homes in disrepair as if they had been renovated. *Id*. These higher, false appraisals were sent to GRL and another mortgage company, National City Mortgage Company ("NCM"), which would provide mortgage funding, facilitated by the underwriters and co-conspirators Susan Shelton and Marcus Wiseman, who were paid off by the defendant. *See id*. The mortgage funds were sent to co-conspirator Vicki Robinson, the settlement agent for the property sales. *Id*. Robinson worked for Vanguard Title, a settlement company owned by attorney Marc Sliffman. *Id*.

Robinson would give a portion of the mortgage funds from GRL and NCM to the defendant, who would convert a portion of those funds into cashier's checks in the amount that the straw buyer was supposed to bring to the settlement as a down payment. *Id*. At the settlement, the defendant would receive the loan proceeds, which were identified on settlement documents as reimbursement for "rehab construction," most of which was never done. *Id*. The defendant took the money as personal income or used the money to pay off co-conspirators. *See*

*id.* Most of the properties involved in the scheme later went into foreclosure, with a resulting loss to GRL and NCM of over $5 million. *Id.*

### B. Indictment And Trial

The defendant was indicted on December 15, 2004 and charged with eight counts: one count of conspiracy to commit crimes against the United States in violation of 18 U.S.C. § 371; two counts of bank fraud and aiding and abetting bank fraud in violation of 18 U.S.C. §§ 1344, 2; four counts of wire fraud and aiding and abetting wire fraud in violation of 18 U.S.C. §§ 1343, 2; and one count of money laundering conspiracy in violation of 18 U.S.C. § 1956(a)(1)(A)(i), 1965(h). *See* Indictment, ECF No. 1.

At a jury trial before visiting Judge Sterling Johnson, Jr. of the United States District Court for the Eastern District of New York, the defendant was represented by James W. Beane, Jr., who hired Leo A. Canseco, CPA, JD, as an expert documents examiner. *See* Minute Order (Nov. 15, 2005). The trial lasted from July 24, 2006 until August 3, 2006, including *voir dire* and deliberations, and included testimony from 17 government witnesses, six of whom testified pursuant to plea deals, and five defense witnesses, including the defendant himself. *See* Trial Transcripts ("Trial Tr."), ECF Nos. 147, 148, 149, 150, 154, 193, 194, 223.

The defendant was convicted on all counts and, on December 8, 2006, was sentenced to 293 months' incarceration on the bank fraud and money laundering conspiracy counts, and 60 months' incarceration on the other counts, all running concurrently. *See* Judgment, ECF No. 172.[2]

---

[2] The defendant's trial counsel, Mr. Beane, was suspended from practice for six months on account of complaints raised between 2007 and 2009—close in time to defendant's trial—regarding "gross lapses of judgment and attention to his clients' interests in retained criminal cases." *see In re James W. Beane, Jr.*, No. 10-BG-869 (Oct. 21, 2010). Although Mr. Beane was subsequently reinstated in 2011, *see In re James W. Beane, Jr.*, No. 11-BG-1266 (Jan. 26, 2011), this reinstatement was ultimately revoked and his license to practice law was suspended on March 10, 2015. *See* Gov't Mem. in Opp'n ("Gov't Mem.") at 6 n.8, ECF No. 249. Judicial notice of these

### C. Appeal To The D.C. Circuit

The defendant, then represented by Charles Wayne, timely appealed his conviction and sentence, on the following grounds: (1) the government failed to prove the elements of bank fraud and the district court erred in denying the defendant's motion for judgment of acquittal on that ground; (2) the government failed to prove the elements of conspiracy to commit money laundering and the district court erred in denying the defendant's motion for judgment of acquittal on that ground; (3) the district court violated the defendant's Sixth Amendment rights by precluding cross-examination of the government witnesses on the details of their plea agreements; (4) the district court erred by refusing to allow the defendant to present evidence through cross-examination in support of his defense that he lacked the specific intent required for each offense; (5) the district court erred by treating the guidelines sentence as presumptively applicable and failing to consider all of the factors of 18 U.S.C. § 3553(a); and (6) the D.C. Circuit should order a hearing on the defendant's ineffective assistance of counsel claim based on his attorney's failure to call the title company's attorney, Marc Sliffman, to testify on direct. *See* Br. for Appellant at 1–2, 37–38, *United States v. Hall*, No. 07-3036 (D.C. Cir. Oct. 13, 2009). *See also* Reply Br. for Appellant, *United States v. Hall*, No. 07-3036 (D.C. Cir. Feb. 23, 2010).

On July 16, 2010, the D.C. Circuit affirmed the defendant's wire and bank fraud convictions but reversed his conviction for money laundering conspiracy because the activities underlying that charge were part and parcel of the underlying bank fraud. *See Hall*, 613 F.3d at 251, 253–54, 257. The Court did not remand, however, because the sentence for the money

---

disciplinary proceedings may be taken such that the defendant's proposed witness, the Custodian of Records, District of Columbia Office of Bar Counsel, need not be called to testify.

laundering charge ran concurrently with the bank fraud convictions, which were affirmed. *Id.* at 257. The D.C. Circuit held that sufficient evidence was presented to convict the defendant of bank fraud, finding that the institutions defrauded by the defendant were wholly owned subsidiaries or operating subsidiaries of federally insured banks, and evidence that the bank was federally insured at the time of trial adequately established that the bank was federally insured at the time of fraud. *Id.* at 252–53.

The Court also held that the district court did not abuse its discretion in preventing defense counsel from cross-examining co-conspirators about what attorney Sliffman had told them about the legality of the mortgage scheme because the testimony was not relevant. *Id.* at 256–57. The Court held that "[t]estimony as to whether attorney Sliffman had told Hall that the transactions were legal did not make any fact then within the consideration of the court or jury either more or less probable than it would have been without the testimony." *Id.* at 257. To the extent "the evidence was offered to corroborate testimony that the defense expected to offer during its case in chief," *id.*, "perhaps the disputed evidence may have been relevant after the defense made such an introduction in its case in chief. However, at the time the district court made its ruling, no such testimony was before it." *Id.* Accordingly, the Court concluded that it was not error for the district judge to refuse to run the risk that the defendant would not testify or would testify inconsistently with the disputed testimony, requiring portions of those cross-examinations to be stricken, thereby arguably impermissibly calling attention to the fact that the defendant had exercised his rights against self incrimination. *Id.*

The Court completely rejected, without discussion, the defendant's ineffective assistance of counsel claims based on the failure to call Sliffman on direct. *Id.* ("reject[ing] also his . . .

inadequacy of counsel claims"); *id.* at 252 ("see[ing] no merit in [defendant]'s claims . . . that a hearing should be ordered on his ineffective assistance of counsel claim.").

Following this appeal, the defendant filed a petition for *certiorari*, which was denied on February 22, 2011. *See Hall v. United States*, 562 U.S. 1223 (2011) (mem.).

### D. Habeas Claims

The defendant now moves for a new trial under 28 U.S.C. § 2255. Such claims must be filed within one year of the latest of, as relevant here, the date on which the judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1). The defendant's judgment of conviction became final with the U.S. Supreme Court denial of *certiorari* on February 22, 2011, and his original, *pro se* motion, No. ECF 227-1, which was mailed on February 22, 2012, was therefore timely filed under the prison mailbox rule, as the government concedes. *See* Gov't Mem. at 3 & n.3. On June 1, 2012, the defendant mailed a *pro se* affirmation in support of his motion, ECF No. 228, which the government argues is timely only to the extent it relates back to the initial, timely filing. *See* Gov't Mem. at 12–19 (citing *Mayle v. Felix*, 545 U.S. 644, 650 (2005); *United States v. Hicks*, 283 F.3d 380, 383 (D.C. Cir. 2002)).

The defendants' pleadings remained pending in front of Judge Kessler until January 27, 2017, when this case was directly reassigned to this Court, Minute Order (Jan. 27, 2017), which directed the government to submit a response, Minute Order (Feb. 1, 2017). In early 2017, Charles Wayne, defendant's appellate counsel, notified the Court that he had not represented the defendant since the denial of his petition for *certiorari* and was precluded from representing him in any further proceedings because his habeas claims were based in part on ineffective assistance of appellate counsel. Def.'s Status Report at 1, ECF No. 234.

6

On February 14, 2017, Steven Roy Kiersh entered an appearance on behalf of the defendant, *see* Notice of Appearance, ECF No. 236, and, on July 3, 2017, he filed a counseled habeas motion, ECF No. 240, moving for a new trial on the grounds of ineffective assistance of counsel based on counsel's failure to: (1) call material and available witnesses at trial to support or corroborate an advice-of-counsel defense; (2) establish a foundation for an advice-of-counsel jury instruction, which precluded jury from considering a valid legal defense that the defendant lacked the specific intent to commit the crime; (3) request an advice-of-counsel jury instruction based on the defendant's testimony; (4) move to dismiss the indictment because there is no proof the Grand Jury was properly extended; (5) call an expert mortgage specialist at trial; and (6) call a "questioned document examiner" at trial. The government concedes that claims 1, 2, 3, and 5 relate back to the defendant's timely motion, *see* Gov't Mem. at 19–20, but contends that claims 4 and 6 do not relate back to the timely motion and are therefore time barred, *id.* at 20–21.

In light of defendant's counseled motion, which failed to address several claims raised in the defendant's *pro se* motion and *pro se* affirmation, this Court sought clarification concerning which, if any, of those *pro se* claims were abandoned or still before the Court. *See* Minute Order (Dec. 3, 2018). The defendant responded that he still planned to address the following issues raised in his *pro se* pleading, all concerning his trial counsel's failure to: (1) effectively cross-examine underwriter Susan Connor due to lack of familiarity with discovery materials; (2) develop the issue of the defendant not being involved with government loan programs or government-controlled entities; (3) elicit testimony that the defendant's actions were not illegal in the private sector; (4) establish that the defendant's source of funding was not connected to the charged FDIC affiliates, Guaranty Bank or National City Bank; (5) object to a jury instruction concerning bank fraud (citing, apparently, to page 15 of ECF No. 229, a document this Court

already dismissed as moot, with the defendant's consent); (6) establish that the defendant's loans were not government loans and were not FDIC insured; and (7) establish that private appraisals and government appraisals are conducted in different manners thereby explaining the discrepancies between the two. *See* Def.'s Response at 1–2, ECF No. 260. The defendant also indicated that he intended to present expert testimony of Leo Canseco, an expert hired for trial, and that two previously identified witnesses (*i.e.,* Vicki Robinson and Shervin Joseph) would no longer be needed. *Id.* at 2–3.

## II. RESOLVING CERTAIN ISSUES AS PROCEDURALLY BARRED, TIME BARRED, OR UNSUPPORTED

"Section 2255 is not a substitute for a direct appeal," *United States v. Pollard*, 959 F.2d 1011, 1020 (D.C. Cir. 1992), and "[s]ociety's interest in bringing criminal appeals to an end is the reason for the high standard for relief in a collateral proceeding," *id.* at 1029. In accord with this principle, and to avoid any effort to retry this case on collateral review, certain issues discussed below are resolved prior to the evidentiary hearing to focus the parties' and Court's resources only on potentially viable claims.

### A. Ineffective Assistance Claims Related To Sufficiency of Evidence Supporting Bank Fraud Are Denied Because These Convictions Were Affirmed On Direct Appeal And No Reason To Relitigate Those Issues Is Presented

First, the defendant's motion for a new trial is denied to the extent it is predicated on any claim that the government failed to provide sufficient evidence of bank fraud, including failure of trial counsel to (1) establish that defendant was not involved with government loan programs or government controlled entities; (2) establish that defendant's source of funding was not connected to the charged FDIC affiliates, Guaranty Bank or National City Bank; (3) establish that defendant's loans were not government loans and were not FDIC insured; (4) object to jury

8

instructions regarding bank fraud; and (5) cross-examine effectively Susan Connor on those issues.

The defendant already attacked the bank fraud convictions on direct appeal, arguing, *inter alia*, that the institutions were not federally insured, Br. of Appellant at 15, and that no sufficient factual nexus existed between the insured parent and the uninsured subsidiary with respect to the transaction at issue so that the bank itself is a victim of the fraud, *id.* at 15–16. These claims were rejected by the D.C. Circuit. *See Hall*, 613 F.3d at 252–53. The defendant has failed to explain, even after being provided counsel and opportunities to clarify, nor does the Court's research suggest, how any intervening change of law or other exceptional circumstance would allow him to relitigate this issue, *see, e.g.*, *Davis v. United States*, 417 U.S. 333, 342 (1974); *United States v. Greene*, 834 F.2d 1067, 1070–71 (D.C. Cir. 1988) (as amended on denial of rehearing); *Garris v. Lindsay*, 794 F.2d 722, 726–27 (D.C. Cir. 1986) (per curiam).

The defendant's trial counsel cannot be faulted for allegedly failing to develop arguments that were raised and rejected on direct appeal, nor can the defendant's appellate counsel be faulted for raising, even if unsuccessfully, the same issues the defendant now seeks to relitigate before this Court.[3] Accordingly, the defendant's ineffective assistance of counsel claims related

---

[3] Relatedly, the defendant also proposes to present testimony from his former wife, Rochelle Hall-McAllister, who testified previously as a defense witness at trial. *See* Trial Tr. (08/01/06) at 34–52. The only reason to be divined from the defendant's filings about the relevance of this witness is that Ms. McAllister-Hall worked at GRL and the defendant's supervisor at GRL "knew of [the] defendant's criminal history as it was made known to him by defendant's former wife Rochelle Hall-McAllister," Def.'s Reply to Gov't Opp'n ("Def.'s Reply") at 12, ECF No. 252, and that Ms. Hall-McAllister "was also available to address the company's awareness of defendant's criminal history," *id.* at 12 n.3. This is not sufficient reason to allow further, likely duplicative, testimony from Ms. Hall-McAllister at the evidentiary hearing. The defendant has already decided he will not call the aforementioned supervisor and has presented no argument as to how the defendant was *prejudiced* by any failure to question any witness about the defendant's prior criminal conviction for mail fraud. This is not surprising since eliciting such testimony at the trial would itself have been prejudicial. *See* Gov't Mem. at 27 n.26. To the extent the defendant seeks to present Ms. Hall-McAllister's testimony to challenge the sufficiency of evidence for bank fraud, that line of argument has already been rejected, and the defendant has not attempted to explain how Ms. Hall-McAllister's testimony would be relevant to an advice-of-counsel defense, given that there is no evidence that Ms. Hall-McAllister was a lawyer or received or was witness to any legal counsel as to the defendant's activities. Accordingly, Ms. Hall-McAllister will not be permitted to testify at the evidentiary hearing.

to attacking the sufficiency of the evidence for his bank fraud convictions are denied and the defendant will not be permitted to present testimony or argument on these claims at the evidentiary hearing.

### B. The Ineffective Assistance Of Counsel Claim Based On Failure To Move To Dismiss The Indictment Is Denied As Time Barred And Groundless

Second, the defendant's ineffective assistance of counsel claim based on his trial or appellate counsel's failure to move to dismiss the indictment is denied. The Court agrees with the government that the claim does not relate back to any claim in defendant's timely filed *pro se* motion, *see* Gov't Mem. at 12–19 (citing *Mayle*, 545 U.S. at 650; *Hicks*, 283 F.3d at 383). Although the defendant argues, that this claim relates back to his *pro se* motion, which alleged that his Sixth Amendment rights were violated, that his rights to due process were denied, that "significant aspects of his defense have been overlooked by defense counsel," Def.'s Reply at 7 (quoting ECF No. 221-1 at 5), and that his claim should still be considered because he asserts "actual innocence," Def.'s Reply at 8, the Court is not persuaded. The defendant's timely filed motion contained "bald legal conclusions with no supporting factual allegations," *Mitchell v. United States*, 841 F. Supp. 2d 322, 328 (D.D.C. 2012), and failed to raise any facts from which an ineffective assistance of counsel claim based on a failure to dismiss the indictment could be derived, *see United States v. Palmer*, 902 F. Supp. 2d 1, 13–16 (D.D.C. 2012) ("New and distinct factual theories raised in an untimely motion after a timely[]filed ineffective assistance of counsel claim do not qualify for relation back under Rule 15(c) in the § 2255 context.") (collecting cases). Thus, this challenge to the indictment is time barred.

Even if not time barred, this claim is without merit because review by the Court of the relevant records in the Clerk's Office confirms that the Grand Jury was properly extended, pursuant to Federal Rule of Criminal Procedure 6(g).

Accordingly, the defendant's ineffective assistance of counsel claim related to failure to move to dismiss the indictment is denied and the defendant will not be permitted to present testimony or argument on this claim at the evidentiary hearing.

### C. The Ineffective Assistance Of Counsel Claim Based On Failure To Call A Questioned Document Examiner Is Denied As Time Barred, Vague, Conclusory, And Failing To Show Prejudice

Third, the defendant's ineffective assistance of counsel claim based on failure to call a witness described by the defendant as a "questioned document examiner," is denied as time barred because the defendant's timely pleadings never made any ineffective assistance of counsel claim based on the lack of such a witness, and the defendant has failed to explain how this alleged failure relates back to his timely filing. *See* Gov't Mem. at 21 (citing *Mayle*, 545 U.S. at 659; *Palmer*, 902 F. Supp. 2d at 13–16).

Regardless, even if not time barred, this claim is rejected on the merits because the defendant has not shown that this failure resulted in prejudice "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To meet this standard, the defendant would have to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Payne v. Stansberry*, 760 F.3d 10, 13 (D.C. Cir. 2014) (internal quotation marks omitted); *see also Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed."); *United States v. Brinson-Scott*, 714 F.3d 616, 623 (D.C. Cir. 2013).

Over the course of the defendant's trial, the jury heard from 17 witnesses, including many with extensive experience in the mortgage and real estate business. The evidence of false appraisals, false loan applications, and money received for rehab work that was never done was overwhelming. The defendant has failed to indicate in any manner what testimony by a

11

"questioned document examiner" would have done to establish a reasonable probability that the result in this trial would have been different.

Accordingly, the defendant's ineffective assistance of counsel claim related to failure to call a "questioned document examiner" is denied and the defendant will not be permitted to present testimony or argument on this claim at the evidentiary hearing.

**D. The Ineffective Assistance Of Counsel Claim Based On Failure To Establish That Private Appraisals And Government Appraisals Are Conducted In Different Manners Is Denied Because The Defendant Suffered No Prejudice From This Alleged Failure**

Fourth, the defendant's ineffective assistance of counsel claim based on failure to establish that private appraisals and government appraisals are conducted in different manners is denied because the defendant did not suffer prejudice from this failure. Although the defendant claims that such evidence "would have provided a strong foundation for defendant's defense that he did not have the specific intent to commit any of the charged offenses," Def.'s Reply at 11, as noted above, the evidence was overwhelming that the appraisals in this case falsely represented that the homes were fully renovated when they were not. Indeed, in his own testimony at trial, the defendant admitted that none of the homes were completely renovated, either at the time of settlement or when they went into foreclosure. Trial Tr. (08/01/06) at 179–80. Unsurprisingly, the defendant does not suggest that private appraisals, unlike government appraisals, regularly assume that homes have been fully renovated when they have not been. Rather, he argues that he "was using private funding for his appraisals and this could have been addressed to explain why his appraisals were higher than government appraisals." Def's Counseled Mot. at 25. Even if this were true, defendant's proposed evidence does nothing to address the difference in price between a home falsely represented to be fully renovated and a home that is in fact dilapidated. Having reviewed the trial record in full, the Court holds that the defendant has failed to show

12

that, but for the alleged error in failing to present such evidence, "the result of the proceeding would have been different." *Payne*, 760 F.3d at 13.

Accordingly, the defendant's ineffective assistance of counsel claim related to failure to establish that private appraisals and government appraisals are conducted in different manners is denied and the defendant will not be permitted to present testimony or argument on this claim at the evidentiary hearing. Thus, no testimony from the expert mortgage specialist, Leo Conseco, on this claim is necessary.[4]

## III. CONCLUSION AND ORDER

For the foregoing reasons, upon consideration of the pending motions, and the memoranda in support and opposition thereto, and responses to orders filed regarding this habeas motion thus far, the only proposed witnesses to be heard at the hearing are the defendant, Marc Sliffman, and James Beane. Notably, the government objects that the defendant has failed to make any proffer as to his own or Sliffman's testimony. Gov't Mem. at 23–24. While the Court has up until this point been lenient in allowing the defendant to clarify his arguments, the defendant bears the burden of demonstrating that (1) his counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Payne*, 760 F.3d at 13 (internal quotation marks omitted). With only limited clarification as to the defendant's arguments and no proffer of Sliffman's testimony, the Court is inclined to believe

---

[4] Further, to the extent that the defendant seeks now to introduce testimony at the hearing from Leo Conseco about the normal paper flow in real estate transactions and whether the defendant had access to the false appraisals and other false documentation used to facilitate the resales to straw buyers, this crosses the line of retrying the original case since the jury has already found, and the D.C. Circuit affirmed, that the evidence of bank and wire fraud was sufficient, and the jury plainly did not credit the defendant's testimony that he was unaware of these false documents and that his pay-offs to co-conspirators were for speedy service rather than fraudulent documents, *see* Trial Tr. (08/01/06) at 89–91, in the face of overwhelming evidence to the contrary.

that the government has raised strong arguments that the defendant cannot meet his burden under *Strickland*.

Accordingly, it is hereby

**ORDERED** that the only portions of the defendant's ineffective assistance of counsel claims remaining are those based on counsel's failure to: (1) call material and available witnesses at trial who could have supported or corroborated an advice-of-counsel defense; (2) establish a foundation for an advice-of-counsel jury instruction; and (3) request an advice-of-counsel jury instruction based on the defendant's testimony; and it is further

**ORDERED** that the Court will hear testimony solely from two of the defendant's originally proposed witnesses, the defendant and Marc Sliffman; and it is further

**ORDERED** that the defendant shall, by December 10, 2018 at 2:00 PM, submit a proffer of his own testimony; and it is further

**ORDERED** that the defendant shall, by December 10, 2018 at 2:00 PM, submit a proffer of Marc Sliffman's testimony.

**SO ORDERED.**

Date: December 7, 2018

_____
BERYL A. HOWELL
Chief Judge