UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Action No. 04-543 (BAH) |
| CHARLES E. HALL, | Chief Judge Beryl A. Howell |
| Defendant. | |

## MEMORANDUM AND ORDER

Pending before the Court is the defendant's *pro se* Motion for an Indicative Ruling on a Motion for Relief that is Barred by a Pending Appeal ("Def.'s Mot."), ECF No. 276, which this Court construes as a motion under Federal Rule of Civil Procedure 62.1(a), rather than under Federal Rule of Criminal Procedure 37(a) as relied upon by the defendant, because the rules of civil procedure apply to *habeas* cases such as this one. *See Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005); *United States v. Arrington*, 763 F.3d 17, 22 (D.C. Cir. 2014) (applying *Crosby*'s rationale to post-conviction civil proceedings under 28 U.S.C. § 2255). Federal Rule of Civil Procedure 62.1 permits a district court, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending," to "defer considering the motion," "deny the motion," or "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue," FED. R. CIV. P. 62.1(a).

This Court denied the defendant's motion for a new trial in a Memorandum and Order, *United States v. Hall*, No. 04-cr-543 (BAH), 2018 WL 6434772 (D.D.C. Dec. 7, 2018) (addressing certain arguments), and, following an evidentiary hearing, in an oral ruling, *see* Min. Entry (Dec. 13, 2018); Tr. of Evidentiary H'rg, Dec. 13, 2018 ("H'rg Tr.") at 101:16–106:8, ECF

1

No. 275 (addressing remaining arguments).  The defendant timely appealed, *see* Notice of Appeal, ECF No. 268, and this Court issued a Certificate of Appealability, *see* Order (Jan. 23, 2019), ECF No. 273.

The defendant's appeal is currently pending before the D.C. Circuit, *see United States v. Hall*, 18-3092 (D.C. Cir. appeal docketed Dec. 31, 2018), and thus this Court no longer has jurisdiction over the defendant's case.  *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) (noting that, as a general rule, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"); *United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997) (per curiam).

Given this procedural posture, the defendant seeks only an indicative ruling.  Although the defendant couches his motion in rules of criminal rather than civil procedure, the Court construes his motion as one made under Federal Rule of Civil Procedure 60(b)(1), (2), (3), or (6) to reopen the judgment denying his *habeas* motion on the proffered ground of ineffective assistance of counsel in his *habeas* proceedings.  This motion is denied.

The specific bases for the defendant's assertions that his attorney in his *habeas* proceedings provided ineffective assistance of counsel are that this attorney: (1) overlooked or otherwise failed to pursue what the defendant claims was "newly discovered" evidence and other meritorious arguments the defendant made in his *pro se* motions and supplements, including arguments made in a *pro se* Motion to Amend Pleadings as a Matter of Course or in the Alternative by Leave of Court, ECF No. 229, which was denied as moot, with the parties' agreement, in light of a later, counseled motion, *see* Min. Order (Dec. 13, 2017); Def.'s Mot. at 6–7 & n.16; (2) was operating under a conflict of interest, in part because the attorney agreed to

dismiss the defendant's *pro se* Motion to Amend without adequate consultation with the defendant, Def.'s Mot. at 6–7; and (3) failed to adequately prepare for an evidentiary hearing on the defendant's *habeas* motion because the attorney failed to subpoena an attorney, Marc Sliffman, to testify regarding the defendant's advice-of-counsel defense, *id.* at 7–9.

Although the defendant purports to focus his motion on the alleged ineffectiveness of the attorney assisting him with his *habeas* proceeding, a review of his motion and supporting documentation reveals that the defendant's motion actually reflects another attempt to relitigate the merits of his *habeas* case. That is, the arguments that the defendant accuses his counsel of overlooking are, for the most part, arguments that this Court already considered and rejected in denying his § 2255 motion.

For example, the defendant claims that "throughout [his] hearings and/or proceedings, exculpatory evidence discovered after trial . . . fell short of being utilized by all defense counsels of record," *id.* at 2, and that his *habeas* counsel "actively represented conflicting interests when he unilaterally dismissed [defendant's] newly discovered documents proving actual innocence," *id.* at 6–7. Yet this purported "exculpatory evidence" and "newly discovered documents proving actual innocence" relate to the defendant's persistent argument, rejected both on direct appeal by the D.C. Circuit and as grounds for *habeas* relief in this Court, that the defendant's scheme to "flip" residential properties did not qualify as bank fraud. *See id.* at 10–21 (listing various facts and arguments regarding mortgage financing, federally insured financial institutions, and whether the defendant's conduct is properly considered bank fraud). The D.C. Circuit rejected the defendant's challenges to his bank fraud convictions on these grounds on direct appeal, *see United States v. Hall*, 613 F.3d 249, 252–53 (D.C. Cir. 2010), and this Court rejected his attempts to relitigate those convictions in a *habeas* proceeding, *see Hall*, 2018 WL 6434772, at

3

*4–5. Just as before, the defendant has failed to establish "how any intervening change of law or other exceptional circumstance would allow him to relitigate this issue," *id.* at *5.

Further, although the defendant argues that his *habeas* counsel was ineffective by not calling a witness to testify at the evidentiary hearing, this Court's resolution of the *habeas* petition—which focused in part on whether the defendant's trial counsel was ineffective for failing to call or seek an advice-of-counsel instruction related to that same witness—explained in detail why trial counsel had sound strategic reasons for failing to call this witness or to seek such an instruction, and why the defendant had not established that he suffered prejudice as a result of his trial counsel's alleged failures. *See* H'rg Tr. at 103:1–105:23 ("[B]ased on what [the trial counsel] said about the risks of calling Mr. Sliffman, the decision not to do so makes sound sense."). Those same risks, including the possibility that Mr. Sliffman may have been deemed a co-conspirator, foreclosing an advice-of-counsel defense, *id.* at 105:3–11, or that he would have deflected any criminal liability onto the defendant, *id.* at 105:12–18, apply equally to the defendant's *habeas* attorney's failure to call this witness to testify at the evidentiary hearing. In addition, the defendant's own testimony at trial and in his *habeas* hearing established that he did not tell Mr. Sliffman all of the material facts pertinent to the activities in question, negating the viability of an advice-of-counsel defense. *Id.* at 105:19–23.

Accordingly, any Rule 60(b) motion made on the grounds the defendant raises must be denied, because a motion that attacks the court's prior resolution of a § 2255 claim on the merits is "similar enough" to a *habeas* motion that the district court, under 28 U.S.C. § 2244 and 28 U.S.C. § 2255(h), may not consider the motion without prior authorization from the court of appeals. *Crosby*, 545 U.S. at 531–32 & n.5 (noting that "an attack based on . . . [defendant's] habeas counsel's omissions . . . ordinarily does not go to the integrity of the proceedings, but in

effect asks for a second chance to have the merits determined favorably" (citation omitted)); *Arrington*, 763 F.3d at 22–24; *United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011) ("Because the gravamen of [defendant's] assertions go to the merits of his conviction, his Rule 60(b) motion is, in fact, a § 2255 motion in disguise."). With the exception of faulting his *habeas* attorney for failing to call a witness at an evidentiary hearing, the defendant's reasons for seeking to reopen the judgment in his *habeas* case are merits-based challenges to this Court's previous rulings on those same arguments. Those challenges, as well as the defendant's motion to replace his current court-appointed attorney, which motion is included in the documents filed in this Court, *see* ECF No. 276 at 32–37, are most appropriately addressed in the D.C. Circuit, where the defendant's appeal remains pending. *See United States v. All Assets Held in Account No. 80020796*, No. 13-cv-1832 (JDB), 2017 WL 6886092, at *2 (D.D.C. Nov. 15, 2017) ("There is little indication the drafters of Rule 62.1 intended it to be used . . . to ask a district court to issue an indicative ruling reconsidering the same question being reviewed by the court of appeals." (citation and internal alterations omitted)).

Accordingly, it is hereby

**ORDERED** that the defendant's *pro se* Motion for an Indicative Ruling is DENIED.

**SO ORDERED.**

Date: May 31, 2019

_____
BERYL A. HOWELL
Chief Judge